Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 7255 | **DATE** | 9/27/2009 |
| **CASE TITLE** | Quincy A. Harris vs. Village of Flossmoor *et al.* | | |

**DOCKET ENTRY TEXT**

Defendants METRA/RTA and METRA Police Officer Harris' motion to dismiss Counts I, IV, and V of plaintiff's amended complaint [58] is granted and these counts, as against these defendants, are dismissed without prejudice. Plaintiff is given leave to file, within 30 days of the date of this order, an amended complaint and supporting memorandum of law. The METRA defendants will have three weeks to file a response brief, and plaintiff will have two weeks to file a reply.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

   Plaintiff Quincy A. Harris has filed a five-count false arrest and malicious prosecution amended complaint. He asserts a federal § 1983 claim and supplemental Illinois state law claims. His primary allegation is that, on December 18, 2007, he was wrongfully arrested by two Illinois police officers from the Village of Flossmoor who, according to plaintiff, trumped up evidence that he had stolen a cell phone (and perhaps other items). (Am. Cmplt. ¶ 8.) Plaintiff alleges that the two officers did not have probable cause because: (i) they "stag[ed] a one-on-one show up with the complainant, and caus[ed] Plaintiff to be dressed in clothing similar to that described by the complainant, producing a false identification at said show up" (¶ 8); (ii) they "knew that the cell phone in Plaintiff's possession was not the cell phone taken from the victim" (¶ 8); and (iii) these two officers claimed that "plaintiff's arrest was grounded on the existence of a warrant for his arrest from the municipality of Chicago Heights, a claim that was false and known to be false by these defendants" (¶ 9). The complaint further alleges that, "sometime after" the above-described activity, plaintiff "was transferred to the custody of defendant METRA police who moved plaintiff from the Flossmoor police station to the Will County Jail." (¶ 10.) Plaintiff was released five days later, on December 23rd, after posting bond. (¶ 7.) Several weeks later, on January 16, 2008, plaintiff made his initial appearance in the Circuit Court of Will County. (¶ 15 on p. 5.) On that date, no one appeared "from the METRA police or the original complaining witness." (¶ 17 on p. 5.) As a result, the Judge entered a nolle prosequi. (¶ 18.) Plaintiff seeks damages for his five-day jail stay and for his legal fees.
   Before the Court is a motion to dismiss brought by the METRA/RTA defendants (consisting of METRA and METRA police officer Harris) who assert that the complaint fails to allege any actionable wrongdoing against them. Their only involvement was to merely transport plaintiff from the Flossmoor police station to the Will County Jail after he had been arrested by the two police officers, actions which the METRA defendants argue cannot support a false arrest or malicious prosecution. Based on the arguments made in the briefs, we agree.
   The allegations focus on two activities -- the initial arrest and the later prosecution. As to the former

| STATEMENT |
|---|

allegation, which appears to be the central one and also the one about which the most detail is provided, the complaint never states that the METRA defendants were involved in the initial arrest, nor in the allegedly suggestive identification. Instead, in describing this alleged wrongdoing, the complaint refers to the "conduct of the Flossmoor police officers" (¶ 7) and thereafter refers to "these officers" or "these defendants" (*see, e.g.*, ¶¶ 8, 9). Moreover, the complaint specifically states the METRA defendants transported plaintiff "after" the allegedly suggestive lineup and arrest. (¶ 10.) In sum, the false-arrest allegations do not mention any wrongdoing by the METRA defendants. Therefore, based on our reading of the complaint, there is *no* basis for asserting a false arrest claim against these defendants. It is therefore not a question of how much specific detail is required in light of the Supreme Court's decision in *Twombly*.

    Turning to the malicious prosecution allegations, we also find no specific allegation of wrongdoing against the METRA defendants. Here, the complaint again mentions the fact that METRA transported the plaintiff to the jail. But plaintiff in his response brief never provides any authority or explanation to show how this act would constitute malicious prosecution under Illinois law. The Illinois police officers had already arrested plaintiff. Aside from the this one specific allegation, the complaint merely contains conclusory allegations. The complaint states, for example, that the METRA police "were responsible for the institution and prosecution of judicial proceedings." (¶ 12 on p.5.) How were they responsible? What did they specifically do to advance the case against these defendants? There is no explanation. The complaint appears to make a distinction in paragraph 17 (on p. 5) between the METRA defendants and some unnamed "complaining witness" -- in other words, the METRA police officer apparently was not a witness. Moreover, as the complaint further states, no one from METRA showed up at the January court hearing. Similar, to the general allegations in the complaint, plaintiff's response brief fails to give any explanation for what it is that the METRA defendants did. The only explanation is at the top of p. 12, but it merely consists of the following conclusory allegation, one that does not even address the key distinction between the two Flossmoor police officers and the METRA defendants: "The Defendants were responsible for the prosecution of the judicial proceedings against the Plaintiff in that Defendants possessed, and recklessly disregarded, information exonerating Plaintiff, thereby maliciously permitting the malicious prosecution to continue."

    In sum, we grant the METRA defendants' motion to dismiss. However, the dismissal will be without prejudice, and we will give plaintiff leave to file an amended complaint addressing the issues raised in this order. If plaintiff chooses to file an amended complaint, he should also file on the same date a memorandum of law providing the court with some legal authority explaining why the allegations constitute either false arrest or malicious prosecution. A case with similar facts would be especially helpful. If plaintiff does file an amended complaint, the METRA defendants (if they so choose) may file a response brief three weeks thereafter, in which they move to dismiss the new allegations. Plaintiff will have two weeks thereafter to file a reply brief.